UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ricardo Garcia Gonzalez (A-Number: A-222-597-509), | No. 1:26-cv-05694-KES-SAB (HC) |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| Warden, California City Correctional Center; Field Office Director, ICE Los Angeles Field Office; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of Homeland Security; Todd Blanche, Acting Attorney General, United States, | Doc. 1 |
| Respondents. | |

Petitioner Ricardo Garcia Gonzalez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court construed the petition as challenging the statutory authority for petitioner's detention and ordered respondents to show cause why the petition should not be granted. Doc. 5. Respondents argue "that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)." *See* Doc. 6. But the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and held that 8 U.S.C.

1

§ 1226(a) applies to noncitizens in petitioner's circumstances.  Respondents state that "[s]hould the Court find that the detention authority is 8 U.S.C. § 1226, Respondents do not offer any opposition at this time to the Court ordering a bond hearing."  Doc. 6 at 1.

Accordingly, the petition for writ of habeas corpus is GRANTED.  Respondents are ORDERED to provide petitioner Ricardo Garcia Gonzalez (A-Number: A-222-597-509) with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within seven (7) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand.  Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney.  If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing.  The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.  If respondents do not provide petitioner with a bond hearing within seven (7) days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   July 31, 2026   

_____
UNITED STATES DISTRICT JUDGE

2